UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
R. Brooke Jackson

Criminal Case No. 1: 15-cr-00279-RBJ-1

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MARK JACOB JONES,

      Defendant.

---

## ORDER ON MOTION FOR COMPASSIONATE RELEASE
---

      Mr. Jones, initially pro se, moves for compassionate release, specifically, that the Court reduce his sentence to "time served."  ECF No. 82.  There is no indication that the motion was served on the government.  Ten days after the motion was filed counsel entered an appearance on Mr. Jones's behalf.  ECF No. 83.  Approximately two weeks after that defense counsel filed supplemental motion for compassionate relief on Mr. Jones' behalf.  ECF No. 86.  The certificate of service on the supplemental motion shows service on the government by email to the Assistant United States Attorney who had historically represented the government in this matter. *Id.* at 13.  However, the government has not responded to the motion.

      By way of background, on December 7, 2015 Mr. Jones was sentenced to 126 months plus three months supervised release in the Eastern District of Virginia, Case No. 2:14-cr-132-RGD-LRL-2, for mail fraud and aggravated identity theft.  On August 18, 2016 Mr. Jones was sentenced in the present case to 18 months consecutive to the Virginia sentence after pleading

guilty of possession of a firearm by a previously convicted felon. Due to substantial assistance, the sentence was reduced to six months on June 13, 2018. ECF No. 73.

The asserted grounds for a compassionate release in the present case are a multitude of health-related issues, including Mr. Jones's representation that he was infected by the coronavirus in prison in Virginia; that he was hospitalized from April 17 to June 12, 2020 for kidney disease (allegedly requiring dialysis and being "end-stage"); congestive heart failure; high blood pressure; angina pectoris; coronary artery disease; and his having a pacemaker. I note that some of these conditions were documented in the Presentence Investigation Report in this case (congestive heart failure, high blood pressure, and the pacemaker). He has filed a similar motion for compassionate release in the Virginia case. However, I have no information concerning the current status of that application.

According to the defendant's supplemental motion, as of mid-June 2020 when his pro se motion was filed, Mr. Jones had served approximately 56% of his combined 132-month sentence. That would mean that at the present time he will have served approximately 60% of his sentence. If one assumed that Mr. Jones might get a reduction based on "good time" so that he would serve approximately 85% of his sentence, then he has by now served approximately 70% of his sentence.

Mr. Jones's pro se motion represented that he had submitted a request to the warden of his facility in April 2020 but had not received a response as of mid-June 2020. The supplemental motion repeats that representation.

After considering the applicable factors provided in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3582(c)(1)(A), and the applicable policy statements issued by the Sentencing Commission, the motion is granted as set forth in this order, for the following reasons:

1.   The primary sentence Mr. Jones is serving is his Eastern District of Virginia sentence of 126 months plus three years of supervised release.  His Colorado sentence is a comparatively minor addition of six months with no additional supervised release and a nominal $100 special assessment fee.

2.   Documentation of Mr. Jones's medical issues was provided in the Virginia case and copied in this case.  *See* ECF No. 86-1 at 33-58.  It appears that we are dealing with a 57-year old man who is in poor health and who has one or more conditions that put him in higher risk categories for complications if he again contracts COVID-19.

3.   It appears to be essentially pointless to tack on an additional six months to whatever resolution the Eastern District of Virginia reaches.  In the circumstances it would add a modest amount of punishment and deterrence while subjecting Mr. Jones to additional health risk and the BOP to additional hassle and expense.  He has already served approximately 70% of his sentence, by calculation, which is another factor weighing in his favor in this situation.  I accept that sentencing of an individual convicted of possession of firearms by a previously convicted felon generally has a community safety component.  In this instance, however, I will accept the explanation of the circumstances provided by counsel, ECF No. 86 at 8; and, coupled with his medical issues, I doubt that adding six months to his sentence will provide meaningful community safety protection.

4.   Accordingly, I find that Mr. Jones has established the existence of extraordinary and compelling reasons for a compassionate release with respect to his Colorado sentence.

5.   Again accepting the representation of counsel, it appears that Mr. Jones exhausted his administrative remedies.

6.  The defendant asks for a reduction of his sentence to "time served," but he did not serve any time, pretrial or otherwise, in this case.  He suggests that he be ordered to serve six-month home confinement as a condition of supervised release.  ECF No. 86 at 12.  However, this Court imposed no term of supervised release.  The Court could now impose "a term of probation or supervised release" for a term of up to "the unserved portion of the original term of imprisonment."  *See* ECF No. 86 at 12, n.11.  However, it appears to me that these issues could be addressed by making the Colorado sentence concurrent with the Virginia sentence without having to add a term and conditions of supervised release that might be inconsistent with the resolution of the Virginia court.

## ORDER

Defendant's supplemental motion for a compassionate release, ECF No. 86, is GRANTED.  The Court converts Mr. Jones sentence in the present case from consecutive to concurrent with the sentence in Eastern District of Virginia, Case No. 2:14-cr-132-RGD-LRL-2.  The Court's intent is that the time served in the Virginia case plus its terms and conditions of supervised release, if and as amended pursuant to his motion for compassionate release there, will complete his sentence in the Colorado case as well.  If this resolution creates unforeseen problems or complications, counsel may bring them to my attention.

DATED this 5th day of November, 2020.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge